IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHEILA JONES,

              Plaintiff,

vs.                                Case No. 09-1168-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

              Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the

1

conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other

jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On May 11, 2007, administrative law judge (ALJ) Melvin B. Werner issued his decision (R. at 24-31). Plaintiff alleges that she has been disabled since April 17, 2004 (R. at 24). Plaintiff is insured for disability insurance benefits through March 31, 2009 (R. at 26). At step one, the ALJ determined that plaintiff has not performed substantial gainful activity since April 17, 2004, the alleged onset date of disability (R. at 26). At step two, the ALJ found that plaintiff had the following severe

impairments: degenerative joint disease of the lumbar spine, connective disorder, osteoarthritis of the bilateral knees and lumbar spine status post surgery (R. at 26). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 26). After determining plaintiff's RFC (R. at 27), the ALJ found at step four that plaintiff is able to perform past relevant work as a dispatcher or receptionist (R. at 30-31). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 31).

**III. Did the ALJ properly consider the opinions of medical treatment providers?**

Dr. Timothy Birney, an orthopedic surgeon, was one of plaintiff's treating physicians. His treatment records on the plaintiff indicate the following:

> May 14, 2004: "I gave her a note saying that she is temporarily totally disabled due to her low back injury, until reevaluated."
>
> June 15, 2004: "She is given another excuse from work until see by me again in a month."
>
> July 13, 2004: "She was given another excuse from work until reevaluated in a months time."
>
> August 10, 2004: "She is also given an excuse from work until seen again in a month, although I would like her in the mean time to discuss with her human resources person at her place of employment whether she would be able to return to work with a sitting and lifting restriction."

5

>     Sept. 14, 2004: "She was given...a work
>     excuse for the next eight weeks."
>
>     Nov. 9, 2004: "She was given a slip for
>     temporary total disability for an additional
>     two months."
>
>     Jan. 11, 2005: "The patient was given scripts
>     stating that she remains temporarily totally
>     disabled on two impairment rating is
>     performed."

(R. at 267-269, 266, 264-265, 263, 262, 261, 336). However, the only reference by the ALJ to Dr. Birney in his decision was the following:

>     Dr. Birney evaluated the claimant finding no
>     clear nerve entrapment and recommending
>     physical therapy.

(R. at 28). The ALJ never mentioned or discussed the records of Dr. Birney in which he found her disabled from May 2004 through January 2005.

Plaintiff argues that the ALJ erred by failing to consider these opinions by Dr. Birney (Doc. 11 at 14-15, 16, 21; Doc. 14 at 14). An ALJ must evaluate every medical opinion in the record, although the weight given to each opinion will vary according to the relationship between the disability claimant and the medical professional. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). Even on issues reserved to the Commissioner, including plaintiff's RFC and the ultimate issue of disability, opinions from any medical source must be carefully considered and must never be ignored. Social Security Ruling

6

(SSR) 96-5p, 1996 WL 374183 at *2-3. It is clear legal error to ignore a medical opinion. Victory v. Barnhart, 121 Fed. Appx. 819, 825 (10th Cir. Feb. 4, 2005).

The government argues that the failure to consider the opinions of Dr. Birney is in essence harmless error because Dr. Birney did not opine that plaintiff was disabled for one year or longer (Doc. 14 at 14). Disability is defined as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 20 C.F.R. § 404.1505(a).

There are two problems with the argument by the defendant. First, the argument raised by the defendant, that Dr. Birney did not opine that plaintiff was disabled for one year or longer, was never made by the ALJ in his decision. An ALJ's decision should be evaluated based solely on the reasons stated in the decision. Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004). A decision cannot be affirmed on the basis of appellate counsel's post hoc rationalizations for agency action. Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985). A reviewing court may not create post hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision. Grogan v. Barnhart,

399 F.3d 1257, 1263 (10th Cir. 2005). By considering legal or evidentiary matters not considered by the ALJ, a court risks violating the general rule against post hoc justification of administrative action. Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004).

Second, the court should not engage in the task of weighing evidence in the first instance, Clifton v. Chater, 79 F.3d 1007 at 1009; Neil v. Apfel, 1998 WL 568300 at *3 (10th Cir. Sept. 1, 1998), but should review the Commissioner's decision only to determine whether his factual findings are supported by substantial evidence and whether he applied the correct legal standards. Clifton, 79 F.3d at 1009. Because of the clear error by the ALJ in failing to consider medical opinion evidence of disability from a treating physician, the court won't speculate as to the weight that the ALJ might have accorded that evidence had he considered it. This case shall therefore be remanded in order for the ALJ to consider the treatment records of Dr. Birney, including his opinions that she was disabled.

Furthermore, on remand, the opinions of Dr. Birney should not be considered in isolation, but in light of the opinions of Tina Harris, the physical therapist. See Lackey v. Barnhart, 127 Fed. Appx. 455, 458-459 (10th Cir. April 5, 2005). Dr. Birney gave plaintiff a prescription for therapy (R. at 269, 261-266, 336). Plaintiff attended 41 therapy sessions in 2004 and another

11 sessions in 2005; all but a few of those sessions were with Ms. Harris (R. at 214-234, 326-332). Ms. Harris filled out a medical source statement-physical form on February 15, 2007, indicating that plaintiff had a number of severe limitations, including a limitation on standing and/or walking for 1 hour in an 8 hour workday, and sitting for 1 hour in an 8 hour workday (R. at 334-335). Ms. Harris indicated in a progress report to Dr. Birney on December 17, 2004 that Ms. Harris had told the plaintiff that she would need to limit her sitting duration to one hour or less (R. at 208).

The ALJ did discuss the RFC opinions expressed by Ms. Harris, the therapist. The ALJ stated that she presented to Ms. Harris "for a couple of sessions in 2004...and eleven sessions in early 2005" (R. at 29). However, the record indicates that plaintiff attended 41 physical therapy sessions in 2004, and that Ms. Harris' signature appears on the medical records for 36 of the 41 sessions in 2004 (R. at 214-234). Therefore, the ALJ grossly miscalculated the number of physical therapy sessions that the plaintiff had with Ms. Harris, the physical therapist.

The ALJ gave little weight to the opinions of Ms. Harris because she is a physical therapist, and not an acceptable medical source. The ALJ also discounted the opinions because they were submitted two years after the therapy was provided (R. at 29).

9

Under the regulations, acceptable medical sources include licensed physicians and licensed or certified psychologists who provide treatment to the claimant. 20 C.F.R. § 404.1513(a)(1)-(2) (2009 at 361); 20 C.F.R. § 404.1502 (2009 at 355, 356). However, evidence from other medical sources, including therapists, may be based on special knowledge of the individual and may provide insight into the severity of an impairment and how it affects the claimant's ability to function. Opinions from other medical sources are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file. The fact that an opinion is from an "acceptable medical source" is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an "acceptable medical source" because "acceptable medical sources" are the most qualified health care professionals. However, depending on the particular facts in a case, <u>and after applying the factors for weighing opinion evidence</u>, an opinion from a medical source who is not an "acceptable medical source" may outweigh the opinion of an "acceptable medical source," including the medical opinion of a treating source. SSR 06-03p, 2006 WL 2329939 at **2,3,5 (emphasis added).

The factors for weighing opinion evidence, including evidence from therapists, are as follows:

> How long the source has known and how
> frequently the source has seen the
> individual;
>
> How consistent the opinion is with other
> evidence;
>
> The degree to which the source presents
> relevant evidence to support an opinion;
>
> How well the source explains the opinion;
>
> Whether the source has a specialty or area of
> expertise related to the individual's
> impairment; and
>
> Any other factors that tend to support or
> refute the opinion.

SSR 06-03p, 2006 WL 2329939 at *4-5. Other than to give the opinion of Ms. Harris little weight because she is not an acceptable treating source, the ALJ failed to evaluate the therapist's opinions as required by SSR 06-03p. The ALJ applied few of the factors for weighing the opinion evidence of Ms. Harris. The ALJ did state that plaintiff saw Ms. Harris for "a couple sessions in 2004" and for eleven sessions in 2005 (R. at 29). However, as noted above, this is a gross misstatement of the record. The record actually indicates that plaintiff attended 41 therapy sessions in 2004, and that Ms. Harris' name appears on the therapy records for 36 of the 41 sessions in 2004 (R. at 214-234). Therefore, on remand, the opinions of Ms. Harris must be evaluated pursuant to the requirements of SSR 06-03p. Specifically, the ALJ must consider the number of therapy sessions that plaintiff had with Ms. Harris, and the ALJ must

evaluate the opinions of Ms. Harris in light of the opinions expressed by Dr. Birney, plaintiff's treating physician.

When this case is remanded, the ALJ will need to make new findings at all steps of the sequential evaluation process (including new credibility and RFC findings) after giving proper consideration to all the evidence, including the opinion evidence of Dr. Birney and Ms. Harris. The ALJ shall make new RFC findings in accordance with SSR 96-8p, which states that the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7.

Plaintiff also argues that the ALJ failed to make the required findings at step four. The court does not need to reach this issue because it may be affected by the ALJ's resolution of the case on remand after considering all the medical evidence and determining what weight should be accorded to the various medical opinions. See Robinson v. Barnhart, 366 F.3d 1078, 1085 (10th Cir. 2004). However, the court will set forth the requirements

for step four findings by the ALJ.

At step four, the ALJ is required by Social Security Ruling (SSR) 82-62 to make findings of fact regarding: 1) the individual's residual functional capacity, 2) the physical and mental demands of prior jobs or occupations, and 3) the ability of the individual to return to the past occupation given his or her residual functional capacity. Henrie v. United States Dep't of HHS, 13 F.3d 359, 361 (1993). Thus, at the third or final phase of the analysis, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one. At each of these three phases, the ALJ must make specific findings. Frantz v. Astrue, 509 F.3d 1299, 1303 (10th Cir. 2007); Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996).[1]

---

[1] In Winfrey, the court noted that the Secretary glossed over the absence of the required ALJ findings by relying on the testimony of the vocational expert (VE) that plaintiff could meet the mental demands of his past relevant work, given his mental limitations as found by the ALJ. The court stated that this practice of delegating to a VE many of the ALJ's fact finding responsibilities at step four appears to be of increasing prevalence and is to be discouraged. The court went on to say as follows:

> Requiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review. When, as here, the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the VE's head, we are left with nothing to review...a VE may supply information to the ALJ at step four

13

An ALJ can comply with these requirements if he quotes the VE's testimony with approval in support of his own findings at phases two and three of the step four analysis. Doyal v. Barnhart, 331 F.3d 758, 760-761 (10th Cir. 2003).[2] When the ALJ fails to make findings at phase two of step four regarding the physical and/or

---

> about the demands of the claimant's past relevant work...[but] the VE's role in supplying vocational information at step four is much more limited than his role at step five...Therefore, while the ALJ may rely on information supplied by the VE at step four, the ALJ himself must make the required findings on the record, including his own evaluation of the claimant's ability to perform his past relevant work.

Winfrey, 92 F.3d at 1025.

[2]The ALJ's findings in Doyal were as follows:

> The vocational expert testified that the claimant's past relevant work as a housecleaner and sewing machine operator would be classified as light and unskilled, and her past relevant work as an activities director would be classified as light and semiskilled.... The vocational expert indicated that the claimant's past relevant work as a housecleaner and sewing machine operator did not require lifting more than 20 pounds, walking for prolonged periods, or performing tasks requiring bilateral normal grip strength.

Doyal, 331 F.3d at 760. The ALJ found that plaintiff could perform past relevant work as a housecleaner and a sewing machine operator. 331 F.3d at 761. As noted above, the ALJ cited with approval the testimony of the vocational expert concerning the physical demands of the 2 past jobs which the ALJ found that the claimant could still perform.

14

mental demands of plaintiff's past work, the case will be remanded for a proper step four analysis. Bowman v. Astrue, 511 F.3d 1270, 1271-1273 (10th Cir. 2008); Frantz v. Astrue, 509 F.3d at 1303-1304; Kilpatrick v. Astrue, 559 F. Supp.2d 1177, 1182-1185 (D. Kan. 2008)(Belot, D.J.). However, when the ALJ makes proper findings at step five, any error at step four will be deemed harmless error. Martinez v. Astrue, 316 Fed. Appx. 819, 824 (10th Cir. Mar. 19, 2009); see Murrell v. Shalala, 43 F.3d 1388, 1389-1390 (10th Cir. 1994).

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 28th day of July, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge